# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| RAPHAEL R. CALHOUN, | : Case No. 2:24-cv-3078 |
| Plaintiff, | : |
| vs. | : District Judge James L. Graham |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| JULIE LYNCH, *et al.*, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION[1]

Plaintiff, a pretrial detainee at the Franklin County Correction Center, has filed a prisoner civil rights Complaint in this Court.[2] (Doc. 1). Plaintiff names the following parties—individuals named in connection with his pending state-court criminal case—as Defendants: Judge Julie Lynch; Defense Attorneys Frederick D. Benton, Francisco Luttecke, and Robert F. Krapenc; Prosecutor Cory D. Helffrich; and Detective Adam Federer. (*See id.* at PageID 4). In the Complaint, amongst other claims related to his pending case, Plaintiff alleges that his speedy trial rights have been violated in the Franklin County Court of Common Pleas and seeks immediate release from custody. (*Id.* at PageID 5).

On October 3, 2024, Plaintiff filed a Motion requesting that the Court "put aside or put this Case No. [2:24-cv-03078] on Hold," stating that "I would like to tackle this obstacle of dealing with my Constitutional Rights to cause the proper 'interest of justice' to prevail so I can evaluate this situation even better, so that I can get a satisfaction of my Constitutional Rights being

---

[1] Attached is a NOTICE to the parties regarding objections to the Report and Recommendation.

[2] The complaint was originally filed in the United States District Court for the District of Columbia, before being transferred to this Court. (Doc. 1, 5).

established and Honored." (Doc. 24 at PageID 194). The Court understands Plaintiff's Motion to indicate that he seeks to resolve his claims in the state court prior to pursuing this action. Review of Plaintiff's state-court docket records reveals that Plaintiff has filed motions to dismiss on speedy trial grounds, as well as a motion to withdraw all speedy-trial waivers, which remain pending in the state trial court.[3] On this basis, the Court construes the Motion as a motion to voluntarily dismiss this action so that Plaintiff may first pursue relief in the state courts.[4]

Fed. R. Civ. P. 41(a)(2) provides that the Court may dismiss an action "at the plaintiff's instance" upon "such terms and conditions as the court deems proper."

Pursuant to Fed. R. Civ. P. 41(a)(2), it is **RECOMMENDED** that Plaintiff's Motion (Doc. 24) be **GRANTED** and this action be **dismissed without prejudice**.

In light of this recommendation, it is **FURTHER RECOMMENDED** that Plaintiff's pending Motions (Doc. 2, 17, 20) be **DENIED as moot.**

October 16, 2024

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

---

[3] Viewed at https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/ under Case No. 21CR001474. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

[4] Plaintiff also filed a petition for a writ of habeas corpus in this Court, seeking immediate release on speedy trial grounds in Case No. 2:24-cv-1609. On September 18, 2024, the Court dismissed the Petition without prejudice upon finding that Plaintiff failed to demonstrate the kind of "extraordinary circumstances" necessary to justify this Court's intrusion into his pending state-court criminal proceedings, *see Younger v. Harris*, 401 U.S. 37 (1971), and that Plaintiff failed to exhaust his state court remedies prior to filing his petition. *See Calhoun v. Lynch*, No. 2:24-cv-1609 (S.D. Ohio Feb. 26, 2024) (Doc. 12, 13). Although not necessary to the outcome in this case, the Undersigned notes that Plaintiff's Complaint reveals no basis for the Court to conclude that abstention from interfering in Plaintiff's state-court proceedings would not also be appropriate in this action.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).